UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Selina Miller,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Tyler Perry Production, Kanye West, and Kim Kadisian,<br><br>　　　　　　　　Defendants. | Case No. 14-cv-4950 (ADM/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

　　　Plaintiff Selina Miller has filed a complaint alleging various state-law causes of action against the named defendants in this matter. Miller did not pay the filing fee, but instead filed an application to proceed *in forma pauperis* ("IFP") in this litigation [Doc. No. 2]. This matter is before the undersigned United States Magistrate Judge for consideration of Miller's IFP application.

　　　An IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the

speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Miller's complaint is nearly unintelligible. To the extent that the Court can comprehend the allegations, it appears that Miller believes various celebrities have spread rumors among themselves that Miller received a check for one billion dollars, when she has received no such check. Based on those allegations, Miller brings claims of "Neglect of Hollywood Check" (a cause of action with which this Court is unfamiliar) and breach of contract. (*See* Compl. at 1 [Doc. No. 1].) The complaint can also fairly be read as bringing a claim of defamation, although Miller does not specifically mention such a claim in her complaint.

Needless to say, the factual allegations in Miller's complaint are wildly implausible. Moreover, critical elements of each cause of action brought or suggested by the complaint are lacking. Miller has not shown how any of the defendants were negligent, nor has she adequately alleged the existence of a contract between her and the defendants or pleaded facts showing how she was harmed by the defendants' allegedly defamatory statements. Further, this District appears to have no connection to the events at issue in this litigation, all of which seem to have taken place in California. It is

therefore doubtful that Miller has filed her complaint in the correct venue. *See* 28 U.S.C. § 1391(b).

But this action must be dismissed for a still more fundamental reason: Miller has not alleged an adequate basis for the Court's subject-matter jurisdiction over this lawsuit. No federal question is presented by Miller's complaint. *See* 28 U.S.C. § 1331. Moreover, Miller has not alleged the citizenship of the parties to this action—indeed, she has not even identified her *own* citizenship—and thus the Court cannot conclude that 28 U.S.C. § 1332(a) provides a basis for jurisdiction. The Court cannot proceed without jurisdiction, and an action must be dismissed without prejudice when jurisdiction is lacking. *See Erickson v. U.S. Post Office*, 250 F. App'x 757, 758 (8th Cir. 2007) (per curiam) (noting that "Article III deprives federal courts of power to dismiss [a] case with prejudice where subject matter jurisdiction does not exist").

Finally, under 28 U.S.C. § 1915(e)(2)(B)(i), the Court must dismiss a case for which an IFP application has been submitted if the Court finds that the action "is frivolous or malicious." Even if Miller could show that the Court has jurisdiction over this matter, this Court would recommend that the action be dismissed under § 1915(e)(2)(B)(i). The allegations brought in Miller's complaint range from fanciful to incomprehensible, and it appears the action was brought simply to ensnare certain cynosures in federal litigation.[1] Section 1915(e)(2)(B)(i) requires that vexatious litigation

---

[1] The Court notes that a litigant by the name of Selina Miller has been barred from filing civil actions in the United States District Court for the Southern District of Ohio without the prior approval of a magistrate judge of that district. *See Morgan v. Moler*, No. 2:12-cv-00700, 2012 WL 5471834, at 1 n.1 (S.D. Ohio Nov. 9, 2012). The Selina Miller

such as this be dismissed at the outset, even where jurisdiction is otherwise present.  And as explained above, Miller has not stated a viable cause of action in any event.

For these reasons, the Court recommends that this action be dismissed, and that Miller's IFP application be denied.

Accordingly, based on all the files, records, and proceedings herein **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff Selina Miller's application to proceed *in forma pauperis* [Doc. No. 2] be **DENIED**; and

2. The complaint [Doc. No. 1] be **SUMMARILY DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION** under 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated: December 10, 2014           s/ *Hildy Bowbeer*
                                   HILDY BOWBEER
                                   United States Magistrate Judge


## NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 29, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party

---

bringing this litigation has not provided her address, which is a violation of Fed. R. Civ. P. 11(a), but she has provided a phone number with the area code of 614.  That area code is located in central Ohio.

may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A district judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.